**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DENVER E. LEE,** | ) | **CASE NO. 4:23-cv-00888** |
| | ) | |
| Petitioner, | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **FCI ELKTON,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Denver E. Lee, an inmate in the Federal Correctional Institution in Elkton, Ohio filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (R. 1), and a subsequent Amendment to the Petition (R. 3). He does not indicate where he was convicted, though it appears that he was sentenced to a term of 180 months. (R. 1, PageID# 2). He asserts he received ineffective assistance of counsel during his trial and received a sentence longer than what is suggested under the United States Sentencing Guidelines. (*Id.*). In addition, he claims FCI Elkton staff are denying him blue and black ink pens and that his Eighth Amendment rights to be free from cruel and unusual punishment have been violated because he has been moved to administrative segregation, where his cell has mold, and has been given expired food. (*Id.*; R. 3, PageID# 10–11). He asks this Court to order his release and allow him to testify to facts he was not permitted to present at his trial. (R. 1, PageID# 3; R. 3, PageID# 11). Petitioner also filed three motions—a Motion for Appointment of Counsel (R. 4), a Motion for Bond (R. 6), and a Motion Request for Order that Warden Produce Prisoner for Trial (R. 9).

**Legal Standard and Analysis**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (*quoting* § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition are construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district courts have a duty to "screen out" petitions lacking merit on their face under § 2243).

Petitioner is not entitled to relief under 28 U.S.C. § 2241. As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the avenue for relief for federal prisoners to challenge their conviction or sentence, while section 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under section 2255. *See Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The remedy afforded under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A petitioner cannot raise claims in a section 2241 petition when his attempts to obtain relief under section 2255 for those claims are unsuccessful or foreclosed.

Section 2255 does contain a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241; however, relief under that provision is extremely rare. Federal prisoners may challenge their convictions or sentences in a section 2241 petition only if there is a change in the law after his conviction that establishes his actual innocence, and it appears that the remedy afforded under section 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 207 n.1, 223 (1952); *Peterman*, 249 F.3d at 461–62; *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). Actual innocence in this context means that the intervening change in the law renders the conduct of which the petitioner was convicted no longer a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 461–62; *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Furthermore, the remedy under section 2255 is not inadequate or ineffective merely because section 2255 relief has already been denied, the petitioner is procedurally barred from pursuing relief under section 2255, or the petitioner has been denied permission to file a second or successive section 2255 motion to vacate. *Charles*, 180 F.3d at 756. In other words, the petitioner must point to a new decision holding that the substantive criminal statute under which he was convicted no longer reaches the conduct in which he engaged, and he must demonstrate that he cannot obtain relief based on this new decision from the sentencing court. *Bousely*, 523 U.S. at 620–24 (*citing Davis v. United States*, 417 U.S. 333, 346 (1974)); *see, e.g.*, *Bailey v. United States*, 516 U.S. 137, 150–51 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

Here, Petitioner's challenge of the validity of his conviction and sentence are clearly issues for a section 2255 motion. He cannot assert these claims in a section 2241 petition.

Finally, to the extent that Petitioner is claiming FCI Elkton staff are denying him ink pens, confining him to a cell with mold, and feeding him expired food, he has not properly stated a claim for relief under a § 2241 habeas petition. In general, prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973). Section 2241 is generally unavailable to review questions not related to the fact and extent of detention. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Kuljko v. Bayless*, 2022 WL 1912311, at *4 ("Conditions of confinement claims . . . cannot be raised under § 2241." (*citing Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)).[1] Petitioner's claim, even under the most liberal interpretation, does not state a viable claim for habeas relief.

## Conclusion

The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED and this action is DISMISSED pursuant to 28 U.S.C. § 2243. Accordingly, Petitioner's pending Motions (R. 4; R. 6; R. 9) are DENIED. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: March 29, 2024

s/*David A. Ruiz*
David A. Ruiz
United States District Judge

---

[1] The "heart of habeas corpus" is release from confinement. *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (quoting *Preiser*, 411 U.S. 498) (stating "to the extent petitioners argue alleged unconstitutional condition of their confinement can be remedied only by release, 28 U.S.C. §2241 conferred upon the district court jurisdiction to consider the petition."). Although *Wilson* can be read to indicate that when an otherwise not actionable challenge-to-conditions-of-confinement petition is asserted under section 2241, the court may actively "construe[ it] as challenging the fact or extent, rather than the conditions, of the confinement[,]" Petitioner has presented no grounds to do so in this case.